# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JULIE MACH, as Personal Representative
of the ESTATE OF LOUIS DWAYNE
MACH, III, DECEASED; JULIE MACH,
individually and as next Friend of JEWEL
MACH, a Minor Child, LOUIS MACH, a
Minor Child, KARLTON MACH, a Minor
Child, and IVAN MACH, a Minor Child,

      Plaintiffs,

vs.                                                                                   No. CIV 10-1073 JB/GBW

TRIPLE D SUPPLY, LLC;
DONALD R. DOAK, Individually;
GREAT AMERICAN INSURANCE
COMPANY, d/b/a GREAT AMERICAN
E&S INSURANCE COMPANY,

      Defendants,

and

TRIPLE D SUPPLY, LLC,
DONALD R. DOAK, Individually,

      Counterclaimants,

vs.

JULIE MACH, as Personal Representative
of the ESTATE OF LOUIS DWAYNE
MACH, III, DECEASED; JULIE MACH,
Individually and as next Friend of JEWEL
MACH, a Minor Child, LOUIS MACH, a
Minor Child, KARLTON MACH, a Minor
Child, and IVAN MACH, a Minor Child,

      Counterdefendants,

and

TRIPLE SUPPLY, LLC,
DONALD R. DOAK, Individually,

      Crossclaimants,

vs.

GREAT AMERICAN INSURANCE
COMPANY, d/b/a GREAT AMERICAN
E&S INSURANCE COMPANY,

      Crossdefendant,

vs.

TRIPLE D SUPPLY, LLC,
DONALD R. DOAK, Individually,

      Third-Party Plaintiffs,

vs.

WILSHIRE INSURANCE COMPANY,

      Third-Party Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Remand --
Opposed, filed November 13, 2010 (Doc. 8); and (ii) Third Party Plaintiffs, Triple D Supply, L.L.C.
and Donald Doak's Motion to Remand, filed November 24, 2010 (Doc. 22). The Court held a
hearing on February 22, 2010. The primary issues are: (i) whether Defendant/Cross-
Claimants/Third Party Plaintiffs Triple D Supply L.L.C. and Donald Doak's Cross-Claims are a
separate civil action under 28 U.S.C. § 1441(a); (ii) whether Defendant/Cross-Defendant Great
American Insurance Company, d/b/a Great American E&S Insurance Company ("Great American")
is time barred from removing this case from state court under 28 U.S.C. § 1446(b); (iii) whether, as

a Cross-Defendant, Great American, is permitted to remove this action 28 U.S.C. § 1441(a); and (iv) whether the Court should award to costs and fees associated with the motions. Because the Cross-Claims are not separate civil actions, Great American is time barred from removing this case, and because Great American, as a Cross-Defendant, is not permitted to remove this case, the Court grants the motions in part and denies the motions in part. The Court remands this case to the District Court of Dona Ana County, Third Judicial District, New Mexico. The Court will not award fees and costs.

## FACTUAL BACKGROUND

J. Mach, individually, as Personal Representative of the Estate of Louis Dwayne Mach, III, Deceased, and as next Friend of minor children Jewel Mach, Louis Mach, Karlton Mach, and Ivan Mach ("Mach Plaintiffs"). The Mach Plaintiffs are a residents of Warren, Ohio. Triple D Supply is a domestic for-profit limited liability company registered and doing business in New Mexico.[1] Doak is a manager of Triple D Supply and a resident of New Mexico. Great American is a for-profit corporation, incorporated in Ohio and doing business in New Mexico. Third-Party Defendant/Crossdefendant Wilshire Insurance Company ("Wilshire") is an insurance company doing business in the state of New Mexico.

## PROCEDURAL BACKGROUND

On July 31, 2009, the Mach Plaintiffs filed their Complaint for Wrongful Death and Personal Injury in cause number CV 09-1990 in the District Court of Dona Ana County, Third Judicial District. On August 4, 2010, The Honorable Jerald A. Valentine, New Mexico District Court Judge,

---

[1] At the February 22, 2010 hearing, the parties were unable to answer the Court's question where the members of Triple D Supply resided.

filed his Order Granting Plaintiffs' Unopposed Motion for Leave to File Amended Complaint, see Doc. 10-8, at 33, and the Mach Plaintiffs filed their First Amended Complaint for Wrongful Death, Personal Injury, Bad Faith Insurance Company Practices and Breach of the Duty of Good Faith and Fair Dealing, see Doc. 10-8, at 7 ("FAC").  The FAC named Great American as a Defendant.  The Mach Plaintiffs brought, among others, claims against Great American for breach the duty of good faith and fair dealing.  See FAC ¶¶ 5.1-5.3, at 8.  On September 2, 2010, the Mach Plaintiffs served a summons and the FAC on Great American through the New Mexico Public Regulation Commission.  See Letter from John Franchini, Superintendent of Insurance, to Great American Insurance Company of New York (dated September 2, 2010), filed December 8, 2010 (Doc. 29-1, at 1); Summons, filed December 8, 2010 (Doc. 29-1, at 2).

On September 7, 2010, the Cross-Claimants -- Triple D Supply and Doak -- filed their Answer, Counterclaim, Cross Claim and Third-Party Complaint for Declaratory Judgment and Breach of Contract in state court.  See Doc. 10-2, at 11 ("Cross-Claimants' Complaint").  The Cross-Claimants brought Cross-Claims against Great American and Third-Party Claims against Wilshire for declaratory relief, breach of insurance contracts, and insurance bad faith & breach of fiduciary duties, and violation of the New Mexico Insurance Code, N.M.S.A. 1978, NMSA 1978, §§ 59A-16-1 to 59A-16-30, violation of the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to 57-12-30.  See Cross-Claimants' Complaint Count I-V, at 4-8.

On October 12, 2010, Great American filed in state court its Motion to Dismiss Allegations in Plaintiffs' First Amended Complaint.  See Doc. 22-1, at 5.  On November 12, 2010, Great American filed in federal court its Notice of Removal of Action Under 28 U.S.C. Section 1443 By Cross/ Third Party Defendant.  See Doc. 1 ("Notice of Removal").  Great American removed based

on diversity jurisdiction.  See  Notice of Removal ¶ 11, at 4.

On November 19, 2010, the Mach Plaintiffs filed their Motion to Remand -- Opposed, requesting that the Court remand this case to the District Court of Dona Ana County, Third Judicial District.  See Doc. 8.  The Mach Plaintiffs contend that Great American cannot remove this case, because it is time barred under 28 U.S.C. § 1446(b), all Defendants did not timely consent to removal, and Great American as a Cross-Defendant and as Third-Party Defendant is not a "defendant" within the meaning of 28 U.S.C. § 1441(a) who can remove this case.  The Mach Plaintiffs request that the Court remand the case to state court, and award them just costs and actual expenses, including attorney fees.  On November 24, 2010, the Cross-Claimants filed their Motion to Remand.  See Doc 22 ("Cross-Claimants' Motion").  The Cross-Claimants adopt the Mach Plaintiffs's Motion to Remand, and further contend that Great American consented to state court jurisdiction and waived its right to remove when Great American filed its motion to dismiss in that forum.  The Cross-Claimants request that the Court remand the case to state court and afford them "such other and further relief the Court deems appropriate."  Cross-Claimants' Motion at 4-5.

On December 3, 2010, Great American filed its Response Opposing Mach Plaintiffs' Motion to Remand.  See Doc. 28.  Great American contends that, as Third-Party Defendant, it qualifies as a "defendant" who may remove a diversity case to federal court under 28 U.S.C. § 1441(a).  Great American further contends that the Cross-Claims are separate from the underlying action, and 28 U.S.C. § 1446's requirements should be analyzed based on the Cross-Claimants' filing of the Cross-Claims, and not on the Mach Plaintiffs action.  Accordingly, Great American contends, its removal is timely and Wilshire -- the only other Defendants to the Cross-Claimants' claims -- consented.  On December 8, 2010, Great American filed its Response Opposing Third-Party Plaintiffs Triple D

Supply LLC's and Donald Doak's Motion to Remand.  See Doc. 29.  Great American contends that

it did not waive its right to remove when it filed its motion to dismiss in state court, because the

ancillary wrongful death claim that had been pending before the Cross-Claims was not removable.

On December 15, 2010, the Cross-Claimants filed their Reply in Support of Third Party

Plaintiffs, Triple D Supply, L.L.C. and Donald Doak's Motion to Remand.  See Doc. 31.  The Cross-

Claimants assert that their Cross-Claims are not separate civil actions, but they are intricately

interwoven with the other claims in this lawsuit.  The Cross-Claimants assert that, in the state court,

it was mandatory that they bring their Cross-Claims.  See Foundation Reserve v. Mullinex, 97 N.M.

618, 620, 642 P.2d 604, 606 (1982).

## RELEVANT LAW REGARDING REMOVAL

Section 1441 of Title 28 of the United States Code states:

> [A]ny civil action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the defendants,
> to the district court of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).  A federal district court has original jurisdiction if Article III's justiciability

requirements are met, see Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1002-05 (9th Cir. 2001), cert.

denied, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship, see

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  A court has diversity jurisdiction if there

is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy

exceeds $75,000.00.  See 28 U.S.C. § 1332(a).

**1.      The Presumption Against Removal.**

There is a presumption against removal jurisdiction.  See Laughlin v. Kmart Corp., 50 F.3d

871, 873 (10th Cir. 1995).  Moreover, "[i]t is well-established that statutes conferring jurisdiction

upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Bonadeo v. Lujan, No. CIV 08-0812, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").

The removing defendant bears the burden of establishing that removal is proper. See McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008)("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'"); Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving 'all jurisdictional facts and of establishing a right to removal.'" (quoting Chavez v. Kincaid, 15 F. Supp. 2d at 1119)). The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).

**2.    Removable Actions.**

Section 1441 of Title 28 of the United States Code states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he

statute does not define the term 'civil action' . . . [,]" Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co., No. CIVA 06-1023, 2006 WL 1875494, at *1 (W.D. La. July 3, 2006), but federal courts have broadly construed the term, see 14B C. Wright, A. Miller, E. Cooper, R. Freer, J. Stainman, C. Struve, & V. Amark, Federal Practice & Procedure Jurisdiction § 3721, at 28 (4th ed. 2009 & Supp. 2010).

For example, federal courts have found that garnishment proceedings subsequent to court judgments, and actions to compel arbitration or to confirm or vacate an arbitration award, are considered civil actions within the meaning of the federal removal statute. In London & Lancashire Indemnity Co. of America v. Courtney, 106 F.2d 277 (10th Cir. 1939), the Tenth Circuit addressed a defendant's petition for removal of a garnishment proceeding after judgment had been entered in the underlying proceeding. See 106 F.2d at 279. The Tenth Circuit held that the garnishment could be removed because it was "wholly separable from the issues" in the underlying judgment:

> It has been held that where party is called by process of garnishment in attachment proceedings he is not entitled to remove the case. The reason therefor is that it not only becomes a part of the original proceeding, but that, in case of a judgment against the garnishee, it might be for a sum greater than the claim established against the principal debtor, and in such case the application of the fund would devolve upon the court where the judgment was rendered to make proper distribution of the surplus. In such case the proper parties would not be before the federal court in case of removal by the garnishee. This objection has no application here, as the proceeding for execution against the garnishee arises only after return of nulla bona on the execution against the defendant, and no matter what amount the garnishee might owe the defendant no more than would be sufficient to satisfy the execution, reflecting the prior adjudicated amount of the judgment, could be awarded against him.
>
> With diversity of citizenship and other jurisdictional facts existing, the right of the defendant to remove such suits into the federal court exists.
>
> . . . .
>
> In the instant case the defendant garnishee's controversy with the plaintiff,

> Lucile A. Courtney, is wholly separable from the issues involved on which the judgment against R. G. Courtney in favor of Lucile A. Courtney is founded.  The only question to be litigated in the civil action wherein the garnishee, London & Lancashire Indemnity Company of America, is defendant and Lucile A. Courtney, plaintiff, is as to whether said garnishee was indebted to said defendant, R. G. Courtney.

106 F.2d at 283-84 (internal citations omitted).

In Adriaenssens v. Allstate Ins. Co., 258 F.2d 888 (10th Cir. 1958), the Tenth Circuit applied its decision in London & Lancashire Indemnity Co. of America v. Courtney to hold that judgment creditors' actions to recover upon motor vehicle liability policy for unsatisfied state court judgment against motorist may be removed.  Approximately five years after a state court entered judgment for the plaintiffs, they instituted separate actions in state court against Allstate Insurance Company to recover "upon a policy of liability insurance issued to [the defendant]."  258 F.2d at 889.  The actions were removed to the United States District Court for the Northern District of Oklahoma upon diversity grounds.  See 258 F.2d at 889.  In each case, judgment was entered denying recovery on the policy, and each plaintiff appealed the case.  See 258 F.2d at 889.  The cases were submitted to the Tenth Circuit on a "single record."  258 F.2d at 889.  The plaintiffs challenged the jurisdiction of the district court to "entertain the actions on removal."  258 F.2d at 889.  The Tenth Circuit found the district court had jurisdiction over the actions on removal, stating:

> Treating the actions as being merely supplemental proceedings in the nature of garnishment for the collection of the judgments  rendered in the state court, it is argued that they were not subject to removal.  A like contention was advanced in London & Lancashire Indemnity Co. of America, v. Courtney, 10 Cir., 106 F.2d 277.  There the holder of an unpaid judgment rendered in a state court in Oklahoma caused to be issued and served a writ of garnishment against a foreign corporation for the purpose of subjecting to the payment of the judgment the obligation of the garnishee under its policy of indemnity protection.  The garnishee caused the proceeding to be removed upon the ground of diversity of citizenship with the requisite amount in controversy.  The removability of the proceeding was challenged by motion to remand.  It was held in terms too clear for misunderstanding that the proceeding was

in effect an original and independent action; and that diversity of citizenship with the requisite sum in controversy being present, the proceeding was removable.  In like manner, these actions were original and independent actions between the holders of the judgments and the insurer.  The issue between the parties was whether the insurer was liable under its policy issued to one who made a false representation of a material nature in order to obtain the coverage.  And, being original and independent actions of that kind with diversity of citizenship and the requisite sum in controversy, they were open to removal.  London & Lancashire Indemnity Co. of America v. Courtney, supra.

258 F.2d at 889-90.

Federal courts have analogized to garnishment proceedings to determine whether petitions-in-intervention or bad faith claims brought after judgment is entered in the underlying case are removable separate civil actions.  In Davenport v. Hamilton, Brown, & Babst, LLC, 624 F. Supp. 2d 524 (M.D. La. 2008), the United States District Court for the Middle District of Louisiana denied the plaintiffs-in-intervention's motion to remand their petition-in-intervention.  See 624 F. Supp. 2d at 543.  In Davenport v. Hamilton, Brown & Babst, LLC, the plaintiffs filed a state-court class action, and a class action settlement was approved.  See 624 F. Supp. 2d at 543.  The state court issued a judgment, which included an award of attorneys' fees to class counsel to be paid by the defendant.  See 624 F. Supp. 2d at 543.  "Because the attorneys could not agree on the distribution of the attorneys' fees," the plaintiffs-in-intervention filed a petition of intervention in the state-court class action, naming a law firm and two of its attorneys as defendants, and seeking an allocation by the state court of the attorneys' fees awarded in the judgment.  624 F. Supp. 2d at 543-44.  The defendants removed the case, and the plaintiffs-in-intervention filed a motion to remand, arguing that their petition of intervention was not a new suit.  See 624 F. Supp. 2d at 544.  The district court stated:

Applying the reasoning from Johnson [v. Great American Ins. Co., 213 F. Supp. 2d 657 (S.D. Miss. 2001)] to this case, the Petition for Intervention filed in the

-10-

state court is comparable to a garnishment action for the purposes of removal.  The lesson taught by <u>Johnson</u> is that the court should evaluate both the separate character of the sought-to-be-removed "civil action," as well as the other side of the coin-its connection to the overall litigation.

The dispute to be resolved by the Petition of Intervention is the division of the attorneys' fees among the attorneys making a claim to them.  The state court judgment has already fixed the total amount of attorneys' fees.  The Petition of Intervention does not seek to increase or reduce the amount of attorneys' fees awarded in the judgment.  This dispute is separate and distinct from the issues in the underlying litigation; the outcome of it will not change the plaintiffs' recovery or the defendant's liability.

. . . .

It is true that neither the plaintiffs-in-intervention nor the defendants-in-intervention are similarly situated to either the typical judgment creditor or judgment debtor, inasmuch as their respective shares of the attorneys' fees have not yet been determined by a court judgment.  But this difference is outweighed by the separate and distinct character of the claims asserted in the Petition of Intervention.  Had the plaintiffs-in-intervention filed a new declaratory judgment action against the defendants-in-intervention to obtain a division of attorneys' fees, it appears that it would have been removable under § 1441(a). Defendants-in-intervention took this very action by filing a complaint, CV 07-928, in this court based on diversity jurisdiction.  Their complaint seeks a declaratory judgment to resolve the same dispute that is the subject of the removed Petition of Intervention.  That the plaintiffs-in-intervention chose to file in the underlying litigation, albeit improperly in the form of an intervention, what in substance is a declaratory judgment action between non-parties does not change the essential character of their pleading.  In these circumstances, the Petition of Intervention is a new and separate civil action, and therefore the one-year time limit for filing a notice of removal under § 1446(b) does not bar the removal.

624 F. Supp. 2d at 546 (footnotes omitted).

In <u>Nungesser v. Bryant</u>, No. 07-1285-WEB, 2007 WL 4374022 (D. Kan. Dec. 7, 2007), the

United States District Court for the District of Kansas addressed whether a defendant's bad faith

claim against his liability insurer was part of the same civil action as the plaintiff's tort action

against the defendant.  <u>See</u> 2007 WL 4374022, at * 5.  The district court analogized to cases that

discussed whether garnishment proceedings were distinct civil actions, stating:

Just as in a garnishment situation, the bad faith claim did not exist until liability in the tort action had been reduced to final judgment.  And just as in a garnishment situation, Bryant's bad faith cause of action is "a suit involving a new party and litigating the existence of a new liability."  Bridges [for Bridges v. Bentley by Bentley], 716 F. Supp. [1389,] 1392 [(D. Kan. 1989)].  The entry of judgment on Nungesser's claims shows the tort action was in fact concluded, and that the subsequently filed bad faith claim against EMCASCO was a separate civil action, notwithstanding the state district court's allowance of the third-party petition under the same case number.  In either event -- whether such a claim is asserted by garnishment or by a post-judgment third-party complaint -- it is separate from the tort action concerning the injuries suffered by the plaintiff.  Moreover, the fact that the instant claim was asserted by Bryant, the defendant in the tort action, rather by the judgment creditor Nungesser, does not materially distinguish this case from the garnishment cases.  Insofar as the claim of bad faith is concerned, the interests of Nungesser and Bryant are aligned, and the distinction between a claim by Bryant or, alternatively, by Nungesser via garnishment, is one of form but not substance insofar as removal is concerned.  The election of one or both of these parties to assert a bad faith claim does not alter the conclusion that the federal law considers the claim to be a separate civil action for purposes of § 1441(a) and (b).

2007 WL 4374022, at *6-7 (footnote omitted).

Professors Charles Wright and Arthur Miller have noted, however, that there are limitations on what can be considered a civil action:

There is, however, a sensible judge-made limitation -- stemming from the civil action requirement -- that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim.  This restriction, which has been applied in numerous cases for over a century, is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court.  A modern example is Ohio v. Doe, in which the Sixth Circuit vacated the judgment and remanded to state court, holding that a proceeding to enforce a subpoena against a public defender, ordering her testimony, was not a removable civil action under 28 U.S.C.A. § 1442 where the proceeding was ancillary to a state court contempt proceeding arising out of a previously issued subpoena for the same testimony, and the contemnor was barred by res judicata from raising federal defenses that she could have raised to the prior subpoenas, so that nothing remained but for the state court to enforce the subpoena.

14B C. Wright & A. Miller, supra § 3721, at 34-36 (footnotes omitted).  See Lawrence v. Morgan's La. & T.R. & S.S. Co., 121 U.S. 634, 637 (1887)(remanding suit to enjoin sale of land pending in

state court); <u>Bondurant v. Watson</u>, 103 U.S. 281, 287 (1880)(affirming removal where the case "could not be called incidental or auxiliary to the original case[;] it was a new and independent controversy between other parties"); <u>Barrow v. Hunton</u>, 99 U.S. 80, 83 (1878)(remanding proceeding to annul judgment on ground of irregularities, because "the proceeding to procure nullity of the former judgment in such a case . . . is not in its nature a separate suit . . . [;] it is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it"); <u>First Nat. Bank v. Turnbull & Co.</u>, 83 U.S. (16 Wall.) 190, 195 (1872)("Conceding it to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation."); <u>West v. Aurora City</u>, 73 U.S. (6 Wall.) 139, 141 (1868)(holding that a counterclaim remaining in the state court after a plaintiff had dismissed his complaint was not an independent suit within the meaning of section 12 of the Judiciary Act of 1789;[2] <u>Fed. Sav. and Loan Ins. Corp. v. Quinn</u>, 419 F.2d 1014, 1018-19

---

[2] "[E]ver since the original Judiciary Act of 1789, there has been some provision for the removal of cases from state to federal courts."  14B C. Wright & A. Miller, <u>supra</u> § 3721, at 34. Section 12 of the Judiciary Act of 1789, 1 Stat. 73, provides:

> That if a suit be commenced in any state court . . . and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending . . . , and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, . . . it shall then be the duty of the state court to . . . proceed no further in the cause, . . . , and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process.

In 1948, Congress adopted the term "civil action" in 28 U.S.C. § 71, the predecessor statute to 28 U.S.C. § 1441.  Congress substituted "the words 'civil action'" for "[p]hrases such as 'in suits of a civil nature, at law or in equity,' the words 'case,' 'cause,' 'suit' . . . in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure."  28 U.S.C. § 1441 Revision Notes and Legislative Reports.  <u>See</u> Fed. R. Civ. P. 2 ("There is one form of action -- the civil action."); Fed. R. Civ. P. 81(c)("These rules apply to a civil action after it is removed from a state court.").  The change from

(7th Cir. 1969)("Under the general removal statute, . . . only independent suits are removable . . . . [A] counterclaim, in the sense of a responsive pleading which raises litigable issues beyond the scope of the pleading to which it is directed, is not removable."); Adriaenssens v. Allstate Ins. Co., 258 F.2d at 889-90 (addressing the argument that the garnishment action was merely a supplemental proceeding not subject to removal); Richmond v. Allstate Ins. Co., 624 F. Supp. 235, 236 (E.D. Pa. 1985)("A suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court." (citing W. Med. Props. Corp. v. Denver Opportunity, Inc., 482 F. Supp. 1205, 1207 (D. Colo. 1980)(collecting cases)); W. Med. Props. Corp. v. Denver Opportunity, Inc., 482 F. Supp. at 1207 ("It is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court." (citations omitted)).

> A few cases have drawn a distinction between supplemental proceedings that are a mere mode of execution or relief, inseparably connected with an original judgment or decree in a state court proceeding and therefore not removable, and supplemental proceedings that involve an independent controversy with a new and different party. The latter are removable.

14B C. Wright & A. Miller, supra § 3721, at 36 (footnotes omitted).  As the Honorable J.M. Love, United States District Judge, stated in Buford v. Strother, 10 F. 406 (C.C.D. Iowa 1881):

> It seems to me that the true principle is this: Where the supplemental proceeding is in its character a mere mode of execution or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that

"suit" to "civil action" in the removal statute thus appears to be aesthetic and not substantive. Consequently, the precedential authority of the Supreme Court cases interpreting whether removal is permitted under the predecessor statutes to 28 U.S.C. § 1441(a) is undiminished, particularly because the judge-made measure of "incidental" and "supplemental" does not appear in the text of either the predecessor removal statutes or the current incarnation.  See 1 Stat. 73; 28 U.S.C. § 1441(a).

-14-

some new controversy or issue between the plaintiff in the original action and a new party may arise out of the proceeding.  But where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court; always, of course, assuming that otherwise the proper jurisdictional facts exist.

10 F. at 407-08.

In Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Insurance Co., the United States District Court for the Western District of Louisiana addressed whether it should remand the defendant's "purported removal of only a third party claim, rather than the entire action."  2006 WL 1875494, at * 1.  The district court relied on Black's Law Dictionary's definition of "civil action," stating that it understood the term to refer to "the entirety of a litigation, in which any number of different claims may be asserted by the various parties thereto."  2006 WL 1875494, at * 1 (citing Black's Law Dictionary 31 (8th ed. 2004)(defining "action" as "a civil or criminal judicial proceeding").  The Western District of Louisiana also discussed Professors Wright and Miller's declaration that there is a judge-made limitation under which judges will not remove that ancillary proceedings separately from the main claim.  See 2006 WL 1875494, at *1-2.  The district court stated: "Thus, this Court's independent research has reinforced the proposition that removal of only selected claims from a state court action is not permitted, and has yielded no support for the defendant's theory of partial removal."  2006 WL 1875494, at * 2.

The partial-removal concept is in substantial conflict with many time-honored and well-settled judicial tenets of removal; it could not possibly be given effect without fleshing out those conflicts and reconciling them.  For instance, the defendant has not explained why it believes the term "civil action," as used in the removal statute, has the same meaning as does the term "claim," (so as to permit the removal of a third party claim, without the rest of the action), nor why Congress used the former term if it intended the latter.  Additionally, the concept of partial removal would permit pick-and-choose removal of only certain parties' claims and, therefore, would have the effect of eliminating the longstanding statutory and jurisprudential requirement that diversity jurisdiction be premised upon complete diversity among

the parties; the abrogation of this requirement certainly would have to be addressed
directly.   As a third example, the removing party's theory of removal could not
possibly be accepted without an explanation as to the source of, and justification for,
the removal process granting to a defendant the authority to rearrange litigation to
reflect its preferences by carving it up into howsoever many separate cases it prefers
to have proceeding in different courts simultaneously.   This list of conflicts is not
intended to be exhaustive, but merely illustrative of the monumental incompatibility
between the partial-removal concept and the well-settled, longstanding judicial
theory of removal.

No effort to reconcile the aforementioned conflicts has been made by
Hartford in its Notice of Removal, and this Court's independent research has yielded
no support for the partial-removal concept.  The statutory provisions which authorize
removal -- which reflect Congress' intentions with regard to the proper scope of
removal -- do not justify partial removal.  In light of the use of the term "civil action"
in the removal statute, and of this Court's understanding of the term "action" as
comprising the entirety of a case, and of the longstanding prohibition against
removing only handpicked claims from state court to federal, and as the removing
defendant has made no attempt to reconcile its theory of partial removal with the
well-settled judicial tenets with which it is in conflict, this Court finds that the
defendant's attempt at a partial removal is contrary to both the law and the theory of
removal.  The legal effect of the removal herein was to remove the entirety of the
Tabor action from state court.  Thus, the proper analysis of whether this Court has
subject matter jurisdiction over this case must be made on the basis of the entirety
of the action as it existed at the time the Notice of Removal was filed.

2006 WL 1875494, at *2.

Professors Wright and Miller also recognize that, recently, federal courts have stated that

federal law governs the question whether a proceeding is removable, but that federal courts can

consider the state's characterization of the proceeding.

Although earlier cases held that state law determined whether a proceeding was
ancillary for removal purposes, more recent decisions show a distinct trend toward
regarding this question as governed by federal law, with the state characterization
regarded as weighty but not conclusive.   This utilization of federal standards
informed by state law was first clearly applied by the Eighth Circuit in Stoll v.
Hawkeye Casualty Company of Des Moines, Iowa, a 1950 [sic] decision.

14B C. Wright & A. Miller, supra § 3721, at 36-37 (footnotes omitted).  In Stoll v. Hawkeye Cas.

Co. of Des Moines, Iowa, 185 F.2d 96 (8th Cir. 1951), the United States Court of Appeals for the

Eighth Circuit stated that "[t]he question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law."  185 F.2d at 99 (citations omitted).  Four years later, the Supreme Court of the United States stated that a state statute's "procedural provisions cannot control the privilege o[f] removal granted by the federal statute."  Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954)(citation omitted). More recently, the District Court for the District of Kansas has stated:

> But in determining whether removal jurisdiction is proper, this court is not bound by the labels attached by state practice.  Congress intended the removal statute to be uniform in its nationwide application, and the removal statute thus sets its own criteria, irrespective of local practice, for determining what suits may be removed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). At the same time, this does not mean the State's practice and procedure is irrelevant. The state court's characterization of the action is a factor this court can consider in determining whether a civil action is separate for purposes of removal.  See Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 248 (M.D. Pa.2006).

Nungesser v. Bryant, 2007 WL 4374022, at *6.

### 3.    Procedural Requirements for Removal.

Section 1446 of Title 28 of the United States Code governs the procedure for removal. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."  Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999)(quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999)).  See Bonadeo v. Lujan, 2009 WL 1324119, at *4; Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Pursuant to 28 U.S.C. § 1446(a),

[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  28 U.S.C. § 1446(a) has been interpreted as requiring all defendants to join in a removal petition.  See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)(citing 28 U.S.C. § 1446(a) and Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245, 248 (1900)); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034-35 (10th Cir. 1998); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."); 16 J. Moore, Moore's Federal Practice, § 107.11[1][c], at 107-36-37 (3d ed. 2006)("Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal.  This rule requires that there be some timely written indication from each served defendant . . . that the defendant has actually consented to removal.").

Section 1446 specifies timing requirements for removal.  See 28 U.S.C. § 1446(b).  "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements -- for example, by reason of the dismissal of a nondiverse party -- may remove the case to federal court within 30 days of receiving such information. § 1446(b)."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996).  "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (quoting DeBry v.

Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979).  "No case, however, may be removed from

state to federal court based on diversity of citizenship 'more than 1 year after commencement of the

action.'"  Caterpillar Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).  Section 1446(b)

provides:

> The notice of removal of a civil action or proceeding shall be filed within
> thirty days after the receipt by the defendant, through service or otherwise, of a copy
> of the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal
> may be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable, except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b).  "Generally, the second paragraph of § 1446(b) is designed to allow a

defendant to remove a state action when it was not originally removable as stated by the plaintiff's

initial complaint in the state court, but has become removable . . . .'"  O'Bryan v. Chandler, 496 F.2d

at 408 (citations omitted).  The requirement that a defendant timely file the notice of removal is

mandatory, though it is not jurisdictional.  See United States ex rel. Walker v. Gunn, 511 F.2d 1024,

1026 (9th Cir. 1975)("[T]he statute, insofar as the time for removal is concerned, is imperative and

mandatory, must be strictly complied with, and is to be narrowly construed." );  Bonadeo v. Lujan,

2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F. Supp. 1061, 1062 (D. Kan. 1992)).

In Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme

Court held that informal service based on a "courtesy copy" of the file-stamped complaint did not

start the thirty-day period.  See 526 U.S. at 347-48.  Before this ruling, many federal courts had ruled

-19-

that the defendant's receipt of a courtesy copy of the complaint initiated the statutory thirty-day period to remove.  See 14C C. Wright & A. Miller, supra § 3731.  In Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., the Supreme Court addressed whether a named defendant "must be officially summoned to appear in the action before the time to remove begins to run[,] [o]r, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff."  526 U.S. at 347.  The Supreme Court read the removal provisions in light "of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  526 U.S. at 347.  The Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not mere receipt of the complaint unattended by any formal service."  526 U.S. at 347-48.  The Supreme Court recognized that service of process is "fundamental to any procedural imposition on a named defendant."  526 U.S. at 350.  Absent service of process, a court "ordinarily may not exercise power over a party the complaint names as defendant."  526 U.S. at 350 (citations omitted).  The Supreme Court found that, when Congress enacted 28 U.S.C. § 1446(b), it did not "endeavor to break away from the traditional understanding."  526 U.S. at 352.

> Prior to 1948, a defendant could remove a case any time before the expiration of her time to respond to the complaint under state law.  See, e.g., 28 U.S.C. § 72 (1940 ed.).  Because the time limits for responding to the complaint varied from State to State, however, the period for removal correspondingly varied.  To reduce the disparity, Congress in 1948 enacted the original version of § 1446(b), which provided that "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later."  Act of June 25, 1948, 62 Stat. 939, as amended, 28 U.S.C. § 1446(b).  According to the relevant House Report, this provision was intended to "give adequate time and operate uniformly throughout the Federal jurisdiction."

H.R. Rep. No. 308, 80th Cong., 1st Sess., A135 (1947).

Congress soon recognized, however, that § 1446(b), as first framed, did not "give adequate time and operate uniformly" in all States.  In States such as New York, most notably, service of the summons commenced the action, and such service could precede the filing of the complaint.  Under § 1446(b) as originally enacted, the period for removal in such a State could have expired before the defendant obtained access to the complaint.

To ensure that the defendant would have access to the complaint before commencement of the removal period, Congress in 1949 enacted the current version of § 1446(b): "The petition for removal of a civil action or proceeding shall be filed within twenty days [now thirty days] after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Act of May 24, 1949, § 83(a), 63 Stat. 101.  The accompanying Senate Report explained:

"In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later.  As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about.  As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for.  It is believed that this will meet the varying conditions of practice in all the States."  S. Rep. No. 303, 81st Cong., 1st Sess., 6 (1949).

See also H.R. Rep. No. 352, 81st Cong., 1st Sess., 14 (1949) ("The first paragraph of the amendment to subsection (b) corrects [the New York problem] by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.").  Nothing in the legislative history of the amendment so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant.

526 U.S. at 352-53 (footnotes omitted).

### 4.    Waiver of Right to Remove.

The right to remove may be waived.  See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d

-21-

at 1077 (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court). Cf. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 & n.7 (10th Cir. 1998)(ruling, in response to assertion made in motion to remand that one of the defendants had waived its right to removal by moving for summary judgment in state court, "that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove," and applying the principle, after plaintiff amended her complaint in federal court, that "once [the] plaintiff decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there" (internal quotation marks omitted)).

Courts have held that, once a claim for enforcement of a federal right has been made in state tribunals, a defendant waives its right to removal by "demonstrating a 'clear and unequivocal' intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)(citing Rothner v. City of Chicago, 879 F.2d 1402 (7th Cir. 1989)). See Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998). Courts have found a clear intent to remain in state court may be shown by taking "substantial defensive action" before removal, Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998), or by seeking a final determination on the merits of the case before removal, see Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 893 (N.D.W. Va. 2001)(holding that filing a motion for summary judgment in state court constituted waiver). As the United States District Court for the Western District of Virginia stated in Sayre Enter., Inc. v. Allstate Insurance Co., 448 F. Supp. 2d 733 (W.D.W. Va. 2006):

> If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice. This situation is precisely what must be avoided in the interests of judicial economy, fairness, convenience, and comity.

448 F. Supp. 2d at 735. See Haynes v. Gasoline Marketers, Inc., 184 F.R.D. 414, 416 (M.D. Ala. 1999)(finding the defendant did not waive its right to remove, because filing an answer in state court was not a manifestation of clear and unequivocal intent to litigate on the merits in state court); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998)(Campos, J.)(finding waiver of right to remove when defendant served discovery requests, made a motion to dismiss, and scheduled a hearing on the motion after it should have ascertained its removal right but before it filed its notice of removal). As to the timing of waiver, a defendant can waive the right to remove only by litigating after the case actually becomes removable. See 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. at 347-48.

**5.  Removal by Cross-Defendants and Third-Party Defendants under 28 U.S.C. § 1441(a).**

Plaintiff/cross-defendants may not remove cases under U.S.C. § 1441(a). See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)(interpreting the provision allowing an action to be removed "by the defendant or defendants" in former removal statute 28 U.S.C. § 71 as precluding a plaintiff/cross-defendant from removing an action on the basis of a counterclaim). In Shamrock Oil & Gas Corp. v. Sheets, the Supreme Court considered the question "whether the suit in which [a] counterclaim is filed is one removable by the [original] plaintiff to the federal district court," under 28 U.S.C. § 71 -- 28 U.S.C. § 1441(a)'s statutory predecessor -- which provided that an action "may be removed by the defendant or defendants therein to the district court of the United States for the proper district." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. at 102, 105 n.1. After the defendant filed a breach of contract "counterclaim or cross-action against" the original plaintiff, the original plaintiff sought to remove the case. 313 U.S. at 102-03. The Supreme Court affirmed the United States Court of Appeals for the Fifth Circuit's holding that, as a cross-defendant, "the

plaintiff in the state court was not a 'defendant' within the meaning of [the removal statute], and so was not entitled to remove the cause under that section, which in terms authorizes the removal of a suit subject to its provisions only 'by the defendant or defendants therein.'"  313 U.S. at 103.

The Supreme Court noted that, between 1875 and 1887, the removal statute allowed "either party" to remove the suit to federal court, but that Congress "narrow[ed] the federal jurisdiction on removal" by amending the statute in 1887 to allow removal only "by the 'defendant or defendants' in the suit."  313 U.S. at 104-05, 107.  The Court further noted that, under federalist principles, interpretations of removal statutes "call[] for . . . strict construction."  313 U.S. at 108 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (quoting Healy v. Ratta, 292 U.S. 263, 270 (1934))(other citations and internal quotation marks omitted)).  Accordingly, the Supreme Court held that the plaintiff/cross-defendant against whom the original defendant had filed a counterclaim could not remove the case to federal court.  See 313 U.S. at 108-09.

Courts have consistently interpreted the Supreme Court's holding in Shamrock Oil & Gas Corp. v. Sheets as establishing that only original defendants are "[a] defendant or defendants" under 28 U.S.C. § 1441(a), precluding cross-defendants and third-party defendants from removing cases. See, e.g., Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008)("Counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims; [t]hus, we easily conclude that an additional counter-defendant is not a 'defendant' for purposes of § 1441(a)." (citations omitted)); Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1017 (9th Cir. 2007)(recognizing "Shamrock's longstanding rule that a

plaintiff/cross-defendant cannot remove an action to federal court"); First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002)("We hold that third-party defendants are not 'defendants' for purposes of § 1441(a)."); Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 821-22 (S.D.W. Va. 2004)(noting that district courts within the Fourth Circuit have adopted the majority rule that "a third-party defendant is distinct from 'the defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)"); Galen-Med, Inc. v. Owens, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999)("The majority view, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule."); Hayduk v. UPS, 930 F. Supp. 584, 590 (S.D. Fla. 1996)("Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not."); NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d 1237, 1239-40 (D. Col. 2006); Menninger Clinic Inc. v. Schilly, No. 92-4104, 1992 WL 373927, at *1-2 (D. Kan. November 23, 1992); Radio Shack Franchise Dep't v. Williams, 804 F. Supp. 151, 152-53 (D. Kan. 1992); Elkhart Co-op Equity Exch. v. Day, 716 F. Supp. 1384, 1385, 1387 (D. Kan. 1989); Garnas v. Am. Farm Equip. Co., 502 F. Supp. 349, 351 n.7 (D.N.D. 1980)(holding that a third-party defendant a plaintiff/counter-defendant impleads cannot remove, because the third-party defendant is not a defendant within the meaning of § 1441); Croy v. Buckeye Int'l, Inc., 483 F. Supp. 402, 406 (D. Md. 1979)("The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a)."); Manternach v. Jones County Farm Serv. Co., 156 F. Supp. 574, 577 (N.D. Iowa 1957)(noting that courts "are not in disagreement as to the non-removability of a third-party claim [under § 1441(a) ]").  Cf. Wiatt v. State Farm Ins. Companies, 560 F. Supp. 2d 1068, 1077 (D.N.M. 2007)(Browning, J.)("The Tenth Circuit has not spoken definitively on the propriety of third-party

removal.  It is therefore an open question in this circuit whether a third-party defendant, who the plaintiff impleaded, may remove a case."  (citations omitted))).

In Palisades Collections LLC v. Shorts, the United States Court of Appeals for the Fourth Circuit held that a counter-defendant may not remove under § 1441(a).  The Fourth Circuit stated: "For more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants -- parties who are not the original plaintiffs . . . ." Palisades Collections LLC v. Shorts, 552 F.3d at 333.  The Fourth Circuit stated:

> As the Sixth Circuit more recently explained, "[a]lthough Shamrock Oil is not dispositive of the precise issue before us, it does dictate that the phrase 'the defendant or the defendants,' as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims."  First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir.2002) (noting that the American Law Institute has recommended that Congress "make[ ] clear what the present law merely implies: the right of removal applies only to the action as framed by the pleading that commences the action.  Counterclaims, cross-claims, and third-party claims cannot be the basis for removal [under § 1441(a) ]"); see also Florence v. ABM Indus., 226 F. Supp. 2d 747, 749 (D. Md. 2002) ("[I]n adopting the current language [of the removal statute], Congress intended to restrict removal jurisdiction solely to the defendant to the main claim.").

> Of course, additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims.  Thus, we easily conclude that an additional counter-defendant is not a "defendant" for purposes of § 1441(a).  See, e.g., Capitalsource Fin., L.L.C. v. THI of Columbus, Inc., 411 F. Supp. 2d 897, 900 (S.D. Ohio 2005) (concluding that "additional counterclaim defendants . . . are not defendants within the meaning of the removal statute. [and] do not have statutory authority . . . to remove this case"); Dartmouth Plan, Inc. v. Delgado, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990) ("But just as a third-party has no special rights to remove, neither does a nonplaintiff counter-defendant.  A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."); Tindle v. Ledbetter, 627 F. Supp. 406, 407 (M.D. La. 1986) (noting that because the Justices, who were joined as defendants on the counterclaim under Louisiana's procedural equivalent to Fed.R.Civ.P. 13(h), "are [additional] counterclaim defendants, they cannot remove this suit to federal court"); see also 16 James W. Moore et al., Moore's Federal Practice § 107.11[1][b][iv] (3d ed.1998) (noting that the "better view" is that counter-defendants, cross-claim defendants, and third-party

defendants "are not defendants within the meaning of [§ 1441(a) ]").

Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, see 28 U.S.C. § 1452(a) (West 2006) ("A party may remove any claim or cause of action . . . [related to bankruptcy cases]." (emphasis added). In crafting § 1441(a), however, Congress made the choice to refer only to "the defendant or the defendants," a choice we must respect. Thus, ATTM, as an additional counter-defendant, may not remove the case to federal court under § 1441(a). This conclusion is consistent with the well-established principle that "[w]e are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated" and that "if federal jurisdiction is doubtful, a remand to state court is necessary." Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir.2005) (internal quotation marks, citations, and alterations omitted); see also Shamrock Oil, 313 U.S. at 109 . . . ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (internal quotation marks omitted)).

Palisades Collections LLC v. Shorts, 552 F.3d at 333-34.

Similarly, courts have interpreted the Supreme Court's holding in Shamrock Oil & Gas Corp.

v. Sheets as precluding third-party defendants from removing cases under 28 U.S.C. § 1441(a). In

First National Bank of Pulaski v. Curry, the United States Court of Appeals for the Sixth Circuit

addressed this issue and noted that the majority position, which leading treatises support, is that

third-party defendants are not "defendants" for purposes of § 1441(a):

As the statutory language makes plain, only "the defendant or the defendants" may remove under § 1441(a). The question, then, is whether a third-party defendant is a "defendant" as that term is used in § 1441(a). The majority view is that third-party defendants are not "defendants" for purposes of § 1441(a). See, e.g., Johnston v. St. Paul Fire & Marine Ins. Co., 134 F. Supp. 2d 879, 880 (E.D. Mich.2001)("[T]he majority view [is] that third-party defendants may not remove under § 1441(a)."); Galen-Med, Inc. v. Owens, 41 F. Supp.2d 611, 614 (W.D. Va.1999) (same); Schmidt v. Ass'n of Apt. Owners, 780 F. Supp. 699, 702 (D. Haw.1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints."). This is also the position taken by two of the leading treatises on civil procedure. See 16 Moore's Federal Practice § 107.11[1][b][iv], at 107-31 (Matthew Bender 3d ed.2000) ("[T]hird-party defendants are not defendants within the meaning of the removal

statute . . . ."); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court . . . ."). Similarly, the American Law Institute considers this the better view, as it has recommended that Congress amend § 1441 to "make[ ] clear what the present law merely implies: the right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, cross-claims, and third-party claims cannot be the basis for removal" under § 1441(a). ALI, Federal Judicial Code Revision Project § 1441 cmt. at 24 (Tent. Draft No. 3, April 30, 1999).

301 F.3d at 461-62. The Sixth Circuit joined the majority position, holding that third-party defendants may not remove cases under 28 U.S.C. § 1441(a), because "third-party defendants are not 'defendants' for purposes of § 1441(a)." The Sixth Circuit reasoned:

As we have often noted, the removal statutes are to be narrowly construed. See, e.g., Long [v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000)] ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed."); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."), cert. denied, 528 U.S. 1076 . . . (2000). In construing the federal removal statutes strictly, we have relied upon Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 . . . (1941). In that case, the Supreme Court held that a state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to § 1441(a). The Shamrock Oil Court noted that, between 1875 and 1887, the removal statute gave the right of removal to "either party," see id. at 105, but that Congress had amended the provision in 1887 to allow removal "only 'by the defendant or defendants therein.'" Id. at 104 (quoting § 1441(a)). The Court concluded that Congress intended "to narrow the federal jurisdiction on removal" in amending the statute in this way, id. at 107, and thus that congressional intent bound the Court to deny plaintiffs the right to remove, even if the plaintiffs were subjected to a counterclaim by the defendant. In reaching this conclusion, the Court also ruled that the states' important interest in the independence of their courts required "strict construction" of the removal statutes. Id. at 108-09. See also Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 454 (6th Cir.1996) ("Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits.").

Although Shamrock Oil is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used in § 1441(a),

be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims. This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes. Title 28 grants removal power in bankruptcy cases to any "party," see 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third-party defendants. See Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!, 27 Cumb. L.Rev. 1037, 1052-53 (1996-1997) (summarizing bankruptcy cases allowing third-party removal). Title 28 also allows removal by any "foreign state" against which an action is brought in state court, see 28 U.S.C. § 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants. See Jonathan Remy Nash, Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act, 16 B.U. Int'l L.J. 71, 107 & n.184 (1998) (summarizing cases). By contrast, § 1441(a)'s grant of removal power is much more limited, instilling a right of removal only in the defendant or the defendants. See, e.g., Johnston, 134 F. Supp. 2d at 880 (noting that the terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties"); Knight v. Hellenic Lines, Ltd., 543 F. Supp. 915, 917 (E.D.N.Y. 1982) (concluding that third-party defendant is not a "defendant" as that term is used in § 1441(a)); Friddle v. Hardee's Food Sys., Inc., 534 F. Supp. 148, 149 (W.D.Ark.1981) ("We hold that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants."). Thus, construing the removal statute narrowly, we conclude that third-party defendants do not have a statutory right of removal pursuant to § 1441(a).

First Nat. Bank of Pulaski v. Curry, 301 F.3d at 461-62.

In Progressive West Insurance Co. v. Preciado, the United States Court of Appeals for the Ninth Circuit asserted that Shamrock Oil & Gas Corp. v. Sheets continues to preclude plaintiff/cross-defendants from removing cases. The Ninth Circuit rejected the argument that the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, § 5, 119 Stat. 12 "create[d] an exception to Shamrock's longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court." 479 F.3d at 1017. The Ninth Circuit reasoned that CAFA's removal provision allows removal in accordance with 18 U.S.C. § 1446.

Section 1446, in turn, sets forth the removal procedure for "[a] *defendant or defendants* desiring to remove any civil action . . . from a State court." 28 U.S.C. § 1446(a) (emphasis added). The interpretation of "defendant or defendants" for purposes of federal removal jurisdiction continues to be controlled by Shamrock,

-29-

which excludes plaintiff/cross-defendants from qualifying "defendants."

Progressive W. Ins. Co. v. Preciado, 479 F.3d at 1017-18.

Removal by third-party defendants is often attempted under 28 U.S.C. § 1441(c).  See, e.g.,

NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239-40; Radio Shack Franchise Dep't v. Williams,

804 F. Supp. at 152-53.  Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  In 1990, Congress amended this statute to substitute the phrase "within the

jurisdiction conferred by section 1331 of this title" for "which would be removable if sued upon

alone." 28 U.S.C. § 1441, 1990 Amendments.  Section 1441(c) in its current form, therefore, applies

only to situations in which a federal-questions claim is joined to one or more non-removable claims;

it does not apply to cases in which removal is based solely on diversity jurisdiction.  See First Nat.

Bank of Pulaski v. Curry, 301 F.3d at 467.

## LAW REGARDING REMAND

28 U.S.C. § 1447 governs remand after removal.  Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State may thereupon proceed with such case.

28 U.S.C. § 1447(a).  See Miller v. Lambeth, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory

provision[ ] governing remands of cases removed to federal court [is] 28 U.S.C. § 1447(c). . . .");

RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 WL 617690, at *4 (10th Cir. 1999)(applying 28 U.S.C. § 1447(a)).

## ANALYSIS

The Mach Plaintiffs request that the Court remand this matter to the District Court of Dona Ana County, in which they originally filed this case.  The Mach Plaintiffs advance three grounds for remand: (i) the removal is fatally defective, because Great American has violated 28 U.S.C. § 1446(b) in that a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after commencement of the action; (ii) the removal is fatally defective, because the other Defendants -- the Cross-Claimants -- did not consent to removal within the thirty-day limitation period set forth in 28 U.S.C. § 1446(a); and (iii)  Great American, as Cross Defendant and Third-Party Defendant, is not a "defendant" under 28 U.S.C. § 1441(a).  Cross-Claimants adopt these arguments, and further argue that Great American has submitted to state court jurisdiction by entering an appearance and filing a motion to dismiss in state court.

Great American responds that the Cross-Claimants' Cross-Claims are "a separate action," Response to Mach Plaintiffs at 4, and that Great American seeks to remove only the Cross-Claims, asserting "that this Court may exercise supplemental jurisdiction over the wrongful death claims brought by the Mach Plaintiffs," Response to Mach Plaintiffs at 8.  Great American argues that the timing of 28 U.S.C. § 1446(b)'s procedural requirements are based on the filing of the Cross-Claims and are not based on the Plaintiffs' Complaint.  Accordingly, Great American contends that it removed the Cross-Claims within one year of their filing and sought the consent of Third-Party Defendant Wilshire.

The Court grants the motions to remand.  The Cross-Claims are incidental and supplemental

to the Mach Plaintiffs' Claims.  Moreover, Great American wears two hats in this case, and under neither is it able to remove this case.  As a Defendant in this action, Great American is outside the one-year window from the commencement of the action in which it may seek removal.  As Cross-Defendant, Great American has no right to remove this case.  The Court therefore grants the Mach Plaintiffs' and Cross-Plaintiffs' motions to remand.

## I.      THE CROSS-CLAIMS ARE NOT A SEPARATE CIVIL ACTION.

Great American contends that the Cross-Claims are a separate civil action under 28 U.S.C. § 1441(a), and that it may separate and remove the Cross-Claims.  Great American further asserts that, if the Court allows Great American to remove the Cross-Claims, the Court may exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1.  See Response to Mach Plaintiffs at 8 ("[T]his Court may exercise supplemental jurisdiction over the wrongful death claims brought by the Mach Plaintiffs.").  The Mach Plaintiffs and Cross-Claimants contend that the Cross-Claims are supplemental and incidental to the Mach Plaintiffs' Claims.  The Court agrees that the Cross-Claims are supplemental and incidental to the Mach Plaintiffs' Claims, and therefore part of the same civil action under 28 U.S.C. § 1441(a).

Section 1441(a) provides:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

It is not enough for Great American to show that the Cross-Claims are "separate and independent claim[s] or cause[s] of action," the standard that applies under 28 U.S.C. § 1441(c). 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  Section 1331 provides for federal question subject-matter jurisdiction.  See 28 U.S.C. § 1331.  In 1990, Congress amended 28 U.S.C. § 1441(c) to substitute the phrase "within the jurisdiction conferred by section 1331 of this title" for "which would be removable if sued upon alone."  28 U.S.C. § 1441, 1990 Amendments.  Section 1441(c) in its current form, therefore, applies only to situations in which a federal questions claim is joined to one or more non-removable claims; it does not apply to cases in which removal is based solely on diversity jurisdiction.  See First Nat. Bank of Pulaski v. Curry, 301 F.3d at 467 ("It is clear, however, that a third-party claim of indemnification, based solely on the diversity of citizenship of an insurer and an insured, . . . is not presently removable pursuant to § 1441(c).").  Congress thus appears to intend not to allow parties to remove suits whose federal jurisdiction is founded in diversity based only on an "independent claim or cause of action."  Pritchett v. Office Depot, Inc., 420 F.3d at 1094-95 ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals."); Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.").  It would defeat the congressional intent underlying the narrowing of section 1441(c) to allow defendants to remove "separate and independent claim[s] or cause[s] of action" under section 1441(a).  Thus, because this is a diversity case, Great American must show that the Cross-Claims are a separate "civil action."

For Great American to prevail on this argument, it must establish that the Cross-Claims are

a distinct "civil action" under 1441(a), and are not supplemental or ancillary to the Mach Plaintiffs' wrongful death claims.  See Lawrence v. Morgan's La. & T.R. & S.S. Co., 121 U.S. at 637 (remanding suit to enjoin sale of land pending in state court); Bondurant v. Watson, 103 U.S. at 287 (affirming removal where the case "could not be called incidental or auxiliary to the original case[;] it was a new and independent controversy between other parties"); Barrow v. Hunton, 99 U.S. at 83 (remanding proceeding to annul judgment on ground of irregularities, because "the proceeding to procure nullity of the former judgment in such a case . . . is not in its nature a separate suit . . . .  [I]t is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it."); First Nat. Bank v. Turnbull & Co., 83 U.S. at 195 ("Conceding it to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation."); West v. Aurora City, 73 U.S. at 141 (holding that a counterclaim remaining in the state court after a plaintiff had dismissed his complaint was not an independent suit within the meaning of 1441(a)'s predecessor statute -- section 12 of the Judiciary Act of 1789; Fed. Sav. and Loan Ins. Corp. v. Quinn, 419 F.2d at 1018-19 ("Under the general removal statute, . . . only independent suits are removable . . . [;] a counterclaim, in the sense of a responsive pleading which raises litigable issues beyond the scope of the pleading to which it is directed, is not removable.").  Wright and Miller have discussed approvingly this limit on what can be considered a civil action:

> There is, however, a sensible judge-made limitation -- stemming from the civil action requirement -- that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim.  This restriction, which has been applied in numerous cases for over a century, is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court.  A modern example is Ohio v. Doe, in which the Sixth Circuit vacated the judgment and remanded to state court, holding that a proceeding to enforce a subpoena against a public defender, ordering her testimony,

> was not a removable civil action under 28 U.S.C.A. § 1442 where the proceeding
> was ancillary to a state court contempt proceeding arising out of a previously issued
> subpoena for the same testimony, and the contemnor was barred by res judicata from
> raising federal defenses that she could have raised to the prior subpoenas, so that
> nothing remained but for the state court to enforce the subpoena.

14B C. Wright & A. Miller, supra § 3721, at 34-36 (footnotes omitted).  The requirement that a civil

action be an independent suit is founded in Supreme Court jurisprudence.  In Federal Savings &

Loan Insurance Corp. v. Quinn, the Seventh Circuit stated:

> Under the general removal statute, 28 U.S.C. § 1441, only independent suits are
> removable.  Bondurant v. Watson, 103 U.S. 281 . . . (1880); First National Bank v.
> Turnbull, 83 190, 16 Wall. 190 . . . (1873); Reynolds v. Reynolds, 309 F.2d 395 (5th
> Cir. 1962); Nowell v. Nowell, 272 F. Supp. 298 (D. Conn. 1967).  A supplementary
> proceeding, a proceeding which is substantially a continuation of a prior suit, is not
> removable.  Barrow v. Hunton, 99 U.S. 80 . . . (1879).  See generally, 1A Moore,
> Federal Practice P0.157(4-11).  The question of whether or not a controversy is a
> separate suit for removal purposes is ultimately a federal question involving the
> interpretation and application of the removal statutes.  Ward v. Congress Const. Co.,
> 99 F. 598 (7th Cir. 1900).  The characterization imparted to a proceeding by state law
> is not, in the final analysis, determinative.  If the proceeding is the equivalent of the
> common law practice of moving to set aside a judgment for irregularity, it is
> supplementary and not removable.  Barrow v. Hunton, 99 U.S. 80 . . . (1879).
> Likewise, a counterclaim, in the sense of a responsive pleading which raises litigable
> issues beyond the scope of the pleading to which it is directed, is not removable.
> West v. Aurora City, 73 U.S. 139 . . . (1868).  On the other hand, a proceeding which
> is the equivalent of a common law suit or equitable action to secure relief from an
> existing judgment, is an independent action and, hence, removable, Carver v.
> Jarvis-Conklin Mortgage Trust Co., 73 F. 9 (Tenn. 1896); Pelzer Mfg. Co. v.
> Hamburg-Bremen Fire Ins. Co., 62 F. 1 (S.C. 1894); Stackhouse v. Zunts, 15 F. 481
> (La. 1883), regardless of whether or not the proceeding sought to be removed is
> independent in form, Richmond & D.R. Co. v. Findley, 32 F. 641 (Ga.1887).

Fed. Sav. and Loan Ins. Corp. v. Quinn, 419 F.2d at 1018-19 (footnotes omitted).

In West v. Aurora City, the Supreme Court held that a cross-action remaining in the state

court after a plaintiff had dismissed his complaint was not an independent suit within the meaning

of Section 12 of the Judiciary Act of 1789, the predecessor the 28 U.S.C. § 1441.  The Supreme

Court grounded its decision on the principle that a cross-action is incidental to an on-going suit.  See

73 U.S. at 141 ("These made a cross-action by the defendants against the plaintiffs; one but incidental to the original action, so long as that original action was in course of existence and progress, but independent of it, as soon as it was withdrawn, and so destroyed."). In <u>Federal Savings & Loan Insurance Corp. v. Quinn</u>, the Seventh Circuit stated: "There is no indication that antiquity or any other cause has weakened the precedential authority of <u>West</u> for the proposition that a counterclaim, by itself, is not a removable suit. . . .  If Quinn's Counterclaim were, in substance, a counterclaim, it would not have been removable."  419 F.2d at 1018 n.4.

In light of <u>West v. Aurora City</u>, the Court is reluctant to say that a cross-claim can be a separate civil action.  This conclusion is compelled given that a cross-claim, by definition, must generally "arise[ ] out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g).[3] In this case, the Cross-Claims involve insurance coverage, the scope of which turns on the same underlying facts as the Mach Plaintiffs' wrongful death claims. Moreover, the Mach Plaintiffs bring, among others, claims against Great American for breach the duty of good faith and fair dealing.  <u>See</u> FAC ¶¶ 5.1-5.3, at 8.  Similarly, the Cross-Claimants bring insurance bad-faith and breach-of-fiduciary duties claims against Great American.  <u>See</u> Cross-

---

[3] The Cross-Claimants filed their Cross-Claims in New Mexico state court.  Rule 1-013 of the New Mexico Rules of Civil Procedure provides a the same requirement for cross-claims:

> A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Rule 1-013G NMRA.

Claimants' Complaint Count I-V, at 6-7.[4]

---

[4] In Stark-Romero v. National R.R. Passenger Co., No. CIV 10-0778-JB/RL, 2011 WL 395442 (D.N.M. Jan. 12, 2011)(Browning, J.), the Court recently held that Plaintiff-Intervenors Emilio J. Esquibel's and Helen G. Esquibel's claims were a distinct civil action under 28 U.S.C. § 1441(a) from Plaintiff Victoria Stark-Romero's claims, because the Esquibels' claims involved issues that were separate and distinct from Stark-Romero's claims.  The Court based its decision on the distinct factual circumstances underlying the parties' of claims:

> After careful consideration of the analysis set forth in cases addressing whether garnishment proceedings, petitions-in-intervention, and bad faith claims are removable civil actions, the Court believes that the Esquibels' Complaint-in-Intervention is a separate civil action.  The Esquibels' Complaint-in-Intervention is based on a different accident than the accident at issue in Stark-Romero's complaint. The two accidents occurred on different days, at different times of the day, and involved trains traveling at different speeds and operated by different crews. Compare Complaint-in-Intervention ¶¶ 8-21, at 5-6 (alleging that the accident occurred on January 15, 2009 at approximately 3:51 p.m.), with Stark-Romero's Complaint for Wrongful Death and Negligence, filed March 26, 2009 (Doc. 1-1)(alleging that the accident occurred September 11, 2008, at approximately 1:00 p.m.).  The train at issue in the Esquibels' claims was traveling in a different direction from the train at issue in Stark-Romero's claims.  See Response at 11. Furthermore, the facts relating to M. Esquibel and Fred Stark, who was driving the vehicle involved in the accident at issues in Stark-Romero's claims, are different. The facts involving the two drivers present separate issues of fact and defenses. Stark's Office of the Medical Investigator ("OMI") report reveals that the driver had a blood alcohol content of .138 gm/100ml, which is almost twice the legal limit.  See Response at 11.  M. Esquibels' OMI report reveals the presence of both alcohol and marijuana.  See Response at 11.  Issues regarding comparative negligence will therefore be different in the two matters.  Furthermore, while Stark-Romero's Complaint alleges that timely notice was provided to the governmental defendants under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to 41-4-30 ("NMTCA"), the Esquibels' Complaint-in-Intervention fails to allege compliance with the NMTCA.  The Court believes that, because the Esquibels' claims rely upon facts that are distinct from the facts upon which Stark-Romero's claims are based, the issues presented in the Esquibels' claims are distinct from the issues presented in Stark-Romero's claims.  See Adriaenssens v. Allstate Ins. Co., 258 F.2d at 890 ("And, being original and independent actions of that kind with diversity of citizenship and the requisite sum in controversy, they were open to removal."); Connecticut Bank of Commerce v. Dem. Rep. Congo, 440 F. Supp. 2d 346, 351 (D. Del. 2006)(concluding that a garnishment action was a separate and independent civil action, because Delaware courts had explained that a garnishment proceeding is a separate process and because the facts in the case presented "several issues for

Great American further suggests that the Cross-Claims are not an independent and distinct

civil action when it contends that, if the Court allows Great American to remove the Cross-Claims,

---

resolution that are distinct from the original state action"). Moreover, it is unlikely
that determinations on the Esquibels' claims will affect determinations in Stark-
Romero's case -- for example, a ruling on M. Esquibels' comparative negligence will
not affect Stark-Romero's claims, because the cases involve different accidents and
circumstances surrounding the accidents. See Davenport v. Hamilton, Brown, &
Babst, LLC, 624 F. Supp. 2d at 526 ("This dispute is separate and distinct from the
issues in the underlying litigation; the outcome of it will not change the plaintiffs'
recovery or the defendant's liability."). Furthermore, the Court believes that Judge
Aragon's Order reflects its finding that the issues presented in the Esquibels' claims
are distinct from those presented in Stark-Romero's claims. Judge Aragon allowed
the Esquibels to intervene, but limited the intervention to "purposes of discovery
only," stating that the Esquibels' claims "shall not be consolidated for trial" with
Stark-Romero's claims. Order on Motion to Intervene at 1-2. She also required
service by the Esquibels on the Defendants, even though they sued the same
Defendants that Stark-Romero sued. The Court believes that this Order recognizes
that the cases should not be tried together, because of the differences in the claims
and defenses in each case.

2011 WL 395442, at 31. Unlike that case, this matter concerns a single incident, L. Mach's death,
and the parties respective liabilities. The circumstances underlying this incident will determine
whether the Great American is liable to the Cross-Claimants. Thus, unlike the distinct factual
circumstances underlying the claims in Stark-Romero v. National Railroad Passenger Co., the Cross-
Claims rest in part on the same facts as the Mach Plaintiffs' Claims.

Moreover, in Stark-Romero v. National Railroad Passenger Co., the Court cautioned that it
would not permit parties to piecemeal remove litigation under 28 U.S.C. § 1441(a) that is not a
separate civil action:

The Court also believes that the removal process does not grant to a defendant the
authority to rearrange litigation to reflect its preferences by carving the litigation up
into howsoever many separate cases it prefers to have proceeding in different courts
simultaneously. The term action comprises the entirety of an action, but not
necessarily the entirety of the case. The defendant cannot handpick claims from state
court to federal. The defendant cannot carve out of the state court litigation a claim
which fits the definition of diversity found in the jurisdictional statutes and remove
only that claim, because the term civil action will not permit removal of a single
claim without the rest of the action.

2011 WL 395442, at 32.

-38-

the Court may exercise supplemental jurisdiction over the remaining claims.  Section 1367 of Title

28 of the United States Code states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by
> Federal statute, in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original jurisdiction that
> they form part of the same case or controversy under Article III of the United States
> Constitution.

18 U.S.C. § 1367(a).  Because Great American asserts "that this Court may exercise supplemental

jurisdiction over the wrongful death claims brought by the Mach Plaintiffs," Response to Mach

Plaintiffs at 8, Great American recognizes that the Cross-Claims are "so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy."  18

U.S.C. § 1367(a).  While 28 U.S.C. § 1441(a) uses the term "civil action," and not the term "case,"

when Congress adopted the term "civil action" in 28 U.S.C. § 71, the predecessor statute to 28

U.S.C. § 1441, it substituted "the words 'civil action'" for "[p]hrases such as 'in suits of a civil

nature, at law or in equity,' the words 'case,' 'cause,' 'suit' . . . in harmony with Rules 2 and 81(c)

of the Federal Rules of Civil Procedure."  28 U.S.C. § 1441 Revision Notes and Legislative Reports.

See Fed. R. Civ. P. 2 ("There is one form of action -- the civil action."); Fed. R. Civ. P. 81(c)("These

rules apply to a civil action after it is removed from a state court.").

        In Nungesser v. Bryant, the District Court for the District of Kansas addressed whether a

defendant's bad faith claim against his liability insurer was part of the same civil action as the

plaintiff's tort action against the defendant.  See 2007 WL 4374022, at * 5.  The district court

analogized to cases that discussed whether garnishment proceedings were distinct civil actions,

stating:

> Although the instant case stands on a different procedural footing than the

above garnishment actions, the principles expressed in those cases and the Kansas Supreme Court's ruling requiring dismissal of Bryant's third-party petition lead this court to a similar conclusion -- namely, that Bryant's claim against EMCASCO must be considered a distinct "civil action" for purposes of § 1441(a) and (b).  The court recognizes that Bryant's bad faith claim is asserted by way of a third-party petition filed in the underlying tort action, rather than by way of a garnishment proceeding by Nungesser.  And most federal courts have determined that third party defendants do not have the right to remove a case under § 1441.  See Elkhart Co-Op Equity Exchange v. Day, 716 F. Supp. 1384 (1989); Right of Third Party Defendant to Removal of Action from State to Federal Court under 28 U.S.C. § 1441, 8 A.L.R. Fed. 708 (1971).  But in determining whether removal jurisdiction is proper, this court is not bound by the labels attached by state practice.  Congress intended the removal statute to be uniform in its nationwide application, and the removal statute thus sets its own criteria, irrespective of local practice, for determining what suits may be removed.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  At the same time, this does not mean the State's practice and procedure is irrelevant.  The state court's characterization of the action is a factor this court can consider in determining whether a civil action is separate for purposes of removal.  See Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 248 (M.D. Pa. 2006).

        The court is not persuaded that the distinction between the instant case and the garnishment actions . . . is material insofar as removal is concerned.  The Kansas Supreme Court in Nungesser[v. Bryant, 153 P.3d 1277 (Kan. 2007),] made clear that when the tort action against Bryant was filed, Bryant had no bad faith claim and could not implead or assert a third-party complaint against EMCASCO.  It said Bryant could not sue EMCASCO on such claims "until the tort claim against him . . . has been reduced to judgment."  Nungesser, 283 Kan. at 558. See also id. at 560 (stating the issue is whether it was "permissible for Bryant's third-party suit against EMCASCO to proceed before the underlying tort action brought by Nungesser had concluded").  The Supreme Court found it was error to allow the insurer to be brought into the same proceeding.  Under these unique circumstances, the state Supreme Court has already determined that Bryant's bad faith claim could not be joined as a third-party complaint in the same action with Nungesser's tort claim.  Whatever case label one may attach to the current post-judgment petition, one thing is clear: the Supreme Court required the bad faith claim to be brought as a separate action.  It declared the joinder of the claims improper and effectively severed the bad faith claim from the tort action.  Under these circumstances, the court concludes EMCASCO has met its burden of showing there is no possibility that Bryant could establish a cause of action against it in the tort action.  Under the "egregious joinder" or "fraudulent misjoinder" doctrine, then, this court will disregard Bryant's purported joinder of the claims, and will treat the bad faith claim as a separate civil action.  See Central of Georgia Ry. Co. v. Riegel Textile Corp., 426 F.2d 935, 938 (5th Cir. 1970)(indemnity claim that was severed from main action "treat[ed] the case as two lawsuits" and was properly removed; federal court

-40-

should recognize that a party in this position "is as much a 'defendant' as if an original action had been brought against him."). Cf. Federal Ins. Co. v. Tyco Int'l. Ltd., 422 F. Supp. 2d 357, 378-88 (S.D.N.Y. 2006) (finding no fraudulent misjoinder where the state court had "explicitly invit[ed] the impleader of" the third-party defendant).

> Just as in a garnishment situation, the bad faith claim did not exist until liability in the tort action had been reduced to final judgment. And just as in a garnishment situation, Bryant's bad faith cause of action is "a suit involving a new party and litigating the existence of a new liability." Bridges[for Bridges v. Bentley by Bentley], 716 F. Supp. [1389,] 1392 [(D. Kan. 1989)]. The entry of judgment on Nungesser's claims shows the tort action was in fact concluded, and that the subsequently filed bad faith claim against EMCASCO was a separate civil action, notwithstanding the state district court's allowance of the third-party petition under the same case number. In either event -- whether such a claim is asserted by garnishment or by a post-judgment third-party complaint -- it is separate from the tort action concerning the injuries suffered by the plaintiff. Moreover, the fact that the instant claim was asserted by Bryant, the defendant in the tort action, rather by the judgment creditor Nungesser, does not materially distinguish this case from the garnishment cases. Insofar as the claim of bad faith is concerned, the interests of Nungesser and Bryant are aligned, and the distinction between a claim by Bryant or, alternatively, by Nungesser via garnishment, is one of form but not substance insofar as removal is concerned. The election of one or both of these parties to assert a bad faith claim does not alter the conclusion that the federal law considers the claim to be a separate civil action for purposes of § 1441(a) and (b).

2007 WL 4374022, at *6-7 (emphasis added)(footnote omitted). Unlike the bad-faith claim in Nungesser v. Bryant, the Cross-Claimants are able to pursue, and have been pursuing, their Cross-Claims concurrently with the Mach Plaintiffs' wrongful death suit in state court. Moreover, unlike the underlying suit in Nungesser v. Bryant, judgment has not been entered in the underlying suit. Consequently, the Court finds that Nungesser v. Bryant is inapposite.

Wright and Miller also recognize that, recently, federal courts have stated that federal law governs the question whether a proceeding is removable, but that federal courts can consider the state's characterization of the proceeding.

> Although earlier cases held that state law determined whether a proceeding was ancillary for removal purposes, more recent decisions show a distinct trend toward

regarding this question as governed by federal law, with the state characterization regarded as weighty but not conclusive. This utilization of federal standards informed by state law was first clearly applied by the Eighth Circuit in Stoll v. Hawkeye Casualty Company of Des Moines, Iowa, a 1950 [sic] decision.

14B C. Wright & A. Miller, supra § 3721, at 36-37 (footnotes omitted).

In Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa, the Eighth Circuit stated that "[t]he question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law."  185 F.2d at 99 (citations omitted).  Four years later, the Supreme Court of the United States stated that a state statute's "procedural provisions cannot control the privilege o[f] removal granted by the federal statute."  Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. at 580 (citation omitted).  More recently, the District Court for the District of Kansas has stated:

> But in determining whether removal jurisdiction is proper, this court is not bound by the labels attached by state practice.  Congress intended the removal statute to be uniform in its nationwide application, and the removal statute thus sets its own criteria, irrespective of local practice, for determining what suits may be removed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). At the same time, this does not mean the State's practice and procedure is irrelevant. The state court's characterization of the action is a factor this court can consider in determining whether a civil action is separate for purposes of removal. See Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 248 (M.D.Pa.2006).

Nungesser v. Bryant, 2007 WL 4374022, at *6.

While "[t]he characterization imparted to a proceeding by state law is not, in the final analysis, determinative," Fed. Sav. and Loan Ins. Corp. v. Quinn, 419 F.2d at 1018, the Court considers it noteworthy that, in Foundation Reserve v. Mullinex, the Supreme Court of New Mexico expressed a preference that matters of insurance coverage be decided by the court considering the underlying action.  The New Mexico Supreme Court stated:

> We believe that a determination of whether the exclusionary provision in this policy

-42-

> applies in this case should be determined in the primary action . . . .   We believe this
> is the better rule because it prevents multiple suits and avoids the expense to insured
> of defending a collateral action brought by the insurer for a declaration of the
> insurer's obligation to defend under the policy.

97 N.M. at 620, 642 P.2d 606.

The Court concludes that the Cross-Claims are not a distinct civil action from the wrongful death claims that the Mach Plaintiffs bring.  The Supreme Court provides that a cross-action is not an independent suit within the meaning of 1441(a)'s predecessor statute.  West v. Aurora City, 73 U.S. at 141.  "There is no indication that antiquity or any other cause has weakened the precedential authority of West for the proposition that a counterclaim, by itself, is not a removable suit."  419 F.2d at 1018 n.4.  The Cross-Claims involve insurance coverage, the scope of which turns on the facts in the wrongful death suit.  Both the Mach Plaintiffs' Claims and the Cross-Claims involve contract disputes.  Given the overlap in facts and claims, the Court believes that the Cross-Claims are ancillary and supplemental to the Mach Plaintiffs' Claims.  Moreover, this holding is consistent with the Supreme Court of New Mexico's expressed preference in Foundation Reserve v. Mullinex that matters of insurance coverage be considered in the same action as the underlying claims.  The Court holds, therefore, that the Cross-Claims are part of the same civil action as the Mach Plaintiffs' Claims within the meaning of U.S.C. § 1441(a).  Great American contends that it removes only the Cross-Claims, and the Court may exercise supplemental jurisdiction over the Mach Plaintiffs' Claims.  Great American's contention is unavailing.  The case is one civil action, not two or more. Accordingly, the Court must turn to the question whether Great American can remove the entire case.

## II.   **GREAT AMERICAN DID NOT TIMELY REMOVE.**

Great American did not timely remove this case.  Section 1446 of Title 28 of the United

States Code governs the procedure for removal.  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (quoting Snapper, Inc. v. Redan, 171 F.3d at 1253).  "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements -- for example, by reason of the dismissal of a nondiverse party -- may remove the case to federal court within 30 days of receiving such information. § 1446(b)." Caterpillar Inc. v. Lewis, 519 U.S. at 68-69.  "No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'" Caterpillar Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).  The requirement that a defendant timely file the notice of removal is mandatory, although timely removal is not jurisdictional. See Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F. Supp. at 1062).

The Plaintiffs filed their complaint in state court on July 31, 2009.  Based on diversity, Great American removed the case to federal court on November 12, 2010, more than one "year after

commencement of the action."  28 U.S.C. § 1446(b).  Great American filed its notice of removal

based on jurisdiction under 18 U.S.C. § 1332.  "No case, however, may be removed from state to

federal court based on diversity of citizenship 'more than 1 year after commencement of the

action.'"  Caterpillar Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).  By the plain

language of 28 U.S.C. § 1446(b), Great American is time barred from removing this case.  See

United States ex rel. Walker v. Gunn, 511 F.2d at 1026 ("[T]he statute, insofar as the time for

removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be

narrowly construed.").  Great American contends that the clock should begin with the filing of the

Cross-Claims, because the Cross-Claims are a separate civil action.  The Court has concluded,

however, that the Cross-Claims are not a separate civil action, and Great American's contention is

therefore unavailing.  Moreover, section 1446(b) expressly contemplates a case "becom[ing]

removable" through subsequent events -- such as through a "motion, order or other paper" -- and

nonetheless imposes the requirement that "[n]o case . . . may be removed from state to federal court

based on diversity of citizenship 'more than 1 year after commencement of the action.'"  Caterpillar

Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).  See Fajen v. Found. Reserve Ins. Co.,

683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved

against removal."  (internal citations omitted)).  The Court, therefore, will remand this case to the

state court. See  Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 ("The failure to comply

with these express statutory requirements for removal can fairly be said to render the removal

'defective' and justify a remand."  (quoting Snapper, Inc. v. Redan, 171 F.3d at 1253)).

## III.   GREAT AMERICAN AS CROSS-DEFENDANT IS NOT "A DEFENDANT OR DEFENDANTS" WITHIN THE MEANING OF 28 U.S.C. § 1441(a).

Even if Great American's removal were timely, which it was not, there is another problem

with Great American's removal.  Great American contends that, as a Third-Party Defendant and

Cross Defendant, it may remove this case under 28 U.S.C. § 1441(a).[5]  As an initial matter, Great

American is not a Third-Party Defendant.  Rule 14 of the Federal Rules of Civil Procedure governs

third-party practice.  Rule 14(a) states that "[a] defending party may, as third-party plaintiff, serve

a summons and complaint on a <u>nonparty</u> who is or may be liable to it for all or part of the claim

against it," and defines "[t]he person served with the summons and third-party complaint -- the

'third-party defendant' . . . ."  Fed. R. Civ. P. 14(a)(1), (2).  <u>See also</u> Fed. R. Civ. P. 14(b)("When

a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow

a defendant to do so.").  The Mach Plaintiffs brought Great American into this case as a Defendant.

The FAC named Great American as a Defendant.  The Mach Plaintiffs brought, among others,

claims against Great American for breach of the duty of good faith and fair dealing.  <u>See</u> FAC

¶¶ 5.1-5.3, at 8.  On September 2, 2010, the Mach Plaintiffs served a summons and the FAC on

---

[5] The title of Great American's Notice of Removal purports to remove under 28 U.S.C.
§ 1443, which concerns the removal of civil rights cases:

> Any of the following civil actions or criminal prosecutions, commenced in a State
> court may be removed by the defendant to the district court of the United States for
> the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such
> > State a right under any law providing for the equal civil rights of citizens of
> > the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for
> > equal rights, or for refusing to do any act on the ground that it would be
> > inconsistent with such law.

28 U.S.C. § 1443.  Great American alleges no facts in the Notice of Removal addressing equal-rights
claims.  In its Response to Mach Plaintiffs, Great American concedes that 28 U.S.C. § 1441(a) is
the only avenue of removal available to it.  <u>See</u> Response to Mach Plaintiffs ("This leaves section
1441(a) as the available source for Great American's third-party removal.").

Great American through the New Mexico Public Regulation Commission.  See Letter from John Franchini, Superintendent of Insurance, to Great American Insurance Company of New York at 1 (dated September 2, 2010); Summons at 1.  When Cross-Claimants filed their Cross-Claims against Great American on September 3, 2010, therefore, Great American was already a party to this case.  Great American, therefore, is not a non-party who a third-party plaintiff summoned under rule 14, and Great American is therefore not a third-party defendant.  Because Great American was an existing party when the Cross-Claimants filed their Cross-Claims, Great American is a Cross-Defendant.  See Fed. R. Civ. P. 13(g)("**Crossclaim Against a Coparty.**  A pleading may state as a crossclaim any claim by one party against a coparty . . . .").

The Court concludes that, as a Cross-Defendant, Great American is not "[a] defendant or defendants" within the meaning of 28 U.S.C. § 1441(a).  In Shamrock Oil & Gas Corp. v. Sheets, the Supreme Court interpreted the term "defendant" under the predecessor statute to 28 U.S.C. § 1441(a) not to include cross-defendants.  313 U.S. at 108-09.  The Supreme Court reasoned that Congress "narrow[ed] the federal jurisdiction on removal" when it amended the statute, which had allowed "either party" to remove, to allow removal only "by the 'defendant or defendants' in the suit."  313 U.S. at 104-05, 107.  In addition to finding congressional intent to narrow the statute, the Supreme Court also asserted that federalist principles favor reading the statute narrowly and "call[] for . . . strict construction."  313 U.S. at 108.  The Supreme Court stated: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  313 U.S. at 108 (quoting Healy v. Ratta, 292 U.S. at 270)(other citations and internal quotation marks omitted).  Accordingly, the Supreme Court held that the plaintiff/cross-defendant against whom the

original defendant had filed a counterclaim could not remove the case to federal court. See 313 U.S. at 108-09.

While the Supreme Court addressed a plaintiff/cross-defendant, and not cross-defendants generally, courts have consistently interpreted Shamrock Oil & Gas Corp. v. Sheets as establishing that only original defendants are "[a] defendant or defendants" under 28 U.S.C. § 1441(a), precluding cross-defendants and third-party defendants from removing cases. See, e.g., Palisades Collections LLC v. Shorts, 552 F.3d at 333-34 ("Counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims; [t]hus, we easily conclude that an additional counter-defendant is not a 'defendant' for purposes of § 1441(a)." (citations omitted)); Progressive W. Ins. Co. v. Preciado, 479 F.3d at 1017 (recognizing "Shamrock's longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court"); First Nat. Bank of Pulaski v. Curry, 301 F.3d at 462 ("We hold that third-party defendants are not 'defendants' for purposes of § 1441(a)."); Cross Country Bank v. McGraw, 321 F. Supp. 2d at 821-22 (noting that district courts within the Fourth Circuit have adopted the majority rule that "a third-party defendant is distinct from 'the defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)"); Galen-Med, Inc. v. Owens, 41 F. Supp. 2d at 614 ("The majority view, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule."); Hayduk v. UPS, 930 F. Supp. at 590 ("Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not."); NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239-40; Menninger Clinic Inc. v. Schilly, 1992 WL 373927, at *1-2; Radio Shack Franchise Dep't v. Williams, 804 F. Supp. at 152-53; Elkhart Co-op Equity Exch. v. Day, 716 F. Supp. at 1385, 1387; Garnas v. Am. Farm Equip. Co.,

502 F. Supp. at 351 n.7 (holding that a third-party defendant whom a plaintiff/counter-defendant impleads cannot remove, because the third-party defendant is not a defendant within the meaning of § 1441); Croy v. Buckeye Int'l, Inc., 483 F. Supp. at 406 ("The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a)."); Manternach v. Jones County Farm Serv. Co., 156 F. Supp. at 577 (noting that courts "are not in disagreement as to the non-removability of a third-party claim [under § 1441(a)]").

While on a clean slate, the phrase "defendant or defendants" could be read to include any party that is defending against a claim -- counter-defendants, cross-defendants, third-party defendants -- the Court does not write on a clean slate. The Supreme Court has already established that cross-defendants may not remand; there is no valid distinction between cross-defendants, counter-defendants, and third-party defendants for the purposes of 28 U.S.C. § 1441(a). The Court thus agrees with those courts that have held only original defendants may remove cases under 28 U.S.C. § 1441(a).

> Although Shamrock Oil is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims. This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes. Title 28 grants removal power in bankruptcy cases to any "party," see 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third-party defendants. See Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!, 27 Cumb. L. Rev. 1037, 1052-53 (1996-1997) (summarizing bankruptcy cases allowing third-party removal). Title 28 also allows removal by any "foreign state" against which an action is brought in state court, see 28 U.S.C. § 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants. See Jonathan Remy Nash, Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act, 16 B.U. Int'l L.J. 71, 107 & n.184 (1998) (summarizing cases). By contrast, § 1441(a)'s grant of removal power is much more limited, instilling a right of removal only in the

defendant or the defendants.  See, e.g., Johnston, 134 F. Supp. 2d at 880 (noting that the terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties"); Knight v. Hellenic Lines, Ltd., 543 F. Supp. 915, 917 (E.D.N.Y. 1982) (concluding that third-party defendant is not a "defendant" as that term is used in § 1441(a)); Friddle v. Hardee's Food Sys., Inc., 534 F. Supp. 148, 149 (W.D. Ark.1981) ("We hold that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants.").  Thus, construing the removal statute narrowly, we conclude that [cross-defendants] do not have a statutory right of removal pursuant to § 1441(a).

First Nat. Bank of Pulaski v. Curry, 301 F.3d at 461-62.  "A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."

Palisades Collections LLC v. Shorts, 552 F.3d at 333 (quoting Dartmouth Plan, Inc. v. Delgado, 736 F. Supp. at 1492).

Moreover, the Supreme Court's reasoning in Shamrock Oil & Gas Corp. v. Sheets that Congress narrowed the statute to include only "defendants" -- and not cross-defendants -- supports finding that cross-defendants generally are not defendants under 28 U.S.C. § 1441(a).  The removal statutes "call[] for . . . strict construction."  313 U.S. at 108.  "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  313 U.S. at 108 (quoting Healy v. Ratta, 292 U.S. at 270)(other citations and internal quotation marks omitted)).  Allowing removal would expand jurisdiction of federal courts in contravention of the strictly construed statutory limits on the right to removal.

Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, see 28 U.S.C. § 1452(a) (West 2006) ("A party may remove any claim or cause of action . . . [related to bankruptcy cases]." (emphasis added)).  In crafting § 1441(a), however, Congress made the choice to refer only to "the defendant or the defendants," a choice we must respect.

Palisades Collections LLC v. Shorts, 552 F.3d at 333-34.

The Court thus concludes that, under Shamrock Oil & Gas Corp. v. Sheets, cross-defendants generally are not "[a] defendant or defendants" within the meaning of 28 U.S.C. § 1441(a).  Cross-defendants, therefore, may not remove state cases to federal court.  Because the Court agrees that cross-defendants may not remove, the Court rejects Great American's contention that, as a Cross-Defendant, it is able to remove the Cross-Claims.  Because Great American cannot remove as a Defendant, its role as a Cross-Defendant brings it no greater removal rights.[6]

## IV.   THE COURT DENIES THE MACH PLAINTIFFS' AND CROSS-CLAIMANTS' REQUESTS FOR COSTS AND EXPENSES.

The Mach Plaintiffs request that the Court award them just costs and actual expenses, including attorney fees.  The Cross-Claimants request that the Court afford them "such other and further relief the Court deems appropriate."  Cross-Claimants' Motion at 4-5.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court of the United States has relatively recently clarified the standards governing an award of fees under § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  It is not necessary that the plaintiff show that the defendants acted in bad faith to win attorney's fees.  See Topeka Housing Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).  The

---

[6] Because the Court concludes that Great American's removal was untimely, it need not decide whether Great American was required to obtain all Defendants' consent to remove or whether Great American consented to state court jurisdiction when it filed a motion to dismiss in that forum.

-51-

Court finds that Great American has made good-faith arguments and has found some authority to support its position that removal was appropriate.  While the Court does not agree that Cross-Claims are a separate civil action, there are separate civil actions in the same case, as the Court recently recognized in Stark-Romero v. National Railroad Passenger Co.  Great American's argument is weak, but the Court cannot say that it is objectively unreasonable given its separate civil action argument.  Finally, there is some authority that parties other than traditional defendants can remove.  See NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239-40 ("interpreting 'the defendant or defendants' to exclude third-party defendants is not a necessary construction of § 1441(a).").  Cf. Wiatt v. State Farm Ins. Companies, 560 F. Supp. 2d at 1077 ("The Tenth Circuit has not spoken definitively on the propriety of third-party removal.  It is therefore an open question in this circuit whether a third-party defendant, who the plaintiff impleaded, may remove a case." (citations omitted)));  Galen-Med, Inc. v. Owens, 41 F. Supp. 2d at 614 ("The majority view, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule.").  The standard announced in Martin v. Franklin Capital Corp. does not allow the Court to award fees and costs any time the defendant loses; there must be more to make the basis objectively unreasonable.  The Court finds that Great American was wrong on some arguments, but that it did not lack an objectively reasonable basis for its arguments.  The Court will therefore deny the Mach Plaintiffs' and the Cross-Claimants' requests for costs and fees under § 1447(c).

**IT IS ORDERED** that: (i) the Plaintiff's Motion to Remand -- Opposed, filed November 13, 2010 (Doc. 8), is granted in part and denied in part; (ii) Third Party Plaintiffs, Triple D Supply, L.L.C. and Donald Doak's Motion to Remand, filed November 24, 2010 (Doc. 22), is granted in part and denied in part; (iii) the Court remands this case to District Court of Dona Ana County, Third

-52-

Judicial District, New Mexico; and (iv) the Court denies the moving parties' requests for fees and

costs.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeffrey G. Wigington
David L. Rumley
Joseph M. Dunn
Dennis L. Richard
Wigington Rumley Dunn, L.L.P.
San Antonio, Texas

     *Attorneys for the Plaintiffs*

Carl Green
Bruce Koehler
Jose C. Vega
Mounce, Green, Myers, Safi,
  Paxson & Galatzan, P.C.
El Paso, Texas

-- and --

E. Roger Yarbro
Yarbro & Associates, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendants Triple D Supply, LLC*
       *and Donald L. Doak*

Steven Vogel
Albuquerque, New Mexico

     *Attorneys for Counterclaimants, Crossclaimants*
       *and Third-Party Plaintiffs Triple D. Supply, LLC*
       *and Donald L. Doak*

Steven Plitt
Kunz, Plitt, Hyland, Demlong & Kleifield
Phoenix, Arizona

-- and --

William P. Gralow
Lisa Entress Pullen
Civerolo, Gralow, Hill & Curtis, PA
Albuquerque, New Mexico

     *Attorneys for Cross-Defendant Great American Insurance Company*

Alfred "Al" L. Green, Jr.
Emily Francke
Butt, Thornton & Baehr, P.C.
Albuquerque, New Mexico

     *Attorneys for Third-Party Defendant Wilshire Insurance Company*